# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ALAN L. HICKS,

    Plaintiff,

v.                                           Case No. 2:22-cv-00217

DONNIE AMES,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.     PROCEDURAL HISTORY

On May 5, 2022, United States Magistrate Judge Omar J. Aboulhosn directed that the instant civil action under 42 U.S.C. § 1983 be opened to address Plaintiff's claim that he was being denied access to his word processor and other materials without due process of law, which was improperly asserted in a habeas corpus petition previously filed in this court, Case No. 3:21-cv-00618. (ECF No. 2 at 2). Judge Aboulhosn's order further directed that a complaint form and an Application to Proceed Without Prepayment of Fees and Costs ("Application") be provided to Plaintiff and ordered that Plaintiff complete and file the complaint and Application, or pay the applicable $402 filing fee, within 30 days; that is, by June 5, 2022. The order further notified Plaintiff that the failure to

comply therewith would result in the recommended dismissal of this matter for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and the parallel Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia. Plaintiff did not comply with the court's order and has not communicated with the court in any way since this civil action was opened.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

Plaintiff has failed to comply with the court's order to file an amended complaint on the form provided by the court or to pay the $402 filing fee or file an Application form. Thus, he has failed to prosecute this action as required. Accordingly, the responsibility

for the delay in the progress of this matter is entirely on Plaintiff and dismissal, as expressly warned in the Court's prior Order, appears to be the only appropriate sanction.

### III.   FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

September 26, 2022

Dwane L. Tinsley
United States Magistrate Judge

4